ZEL S. RICE II, Secretary Department of Industry, Labor andHuman Relations
You have requested my opinion with respect to your Department's implementation of secs. 101.60-101.66, Stats. You indicate that if the uniform statewide dwelling code does not apply to all structural construction relating to one- and two-family dwellings, the result may well be the retention or development of local standards in conflict with the state code, subverting the legislative intent "to establish statewide construction standards and inspection procedures for one- and 2-family dwellings." Sec.101.60, Stats. With regard to this concern, you pose two questions.
The first question is "Does the department have the authority to require the new addition of any part of an existing dwelling to comply with the uniform dwelling code?" For reasons that follow the answer is yes for additions to buildings initially constructed after the effective date of the act, and no for additions to buildings initially constructed before that date. Since subch. 101.60, Stats., is inapplicable to buildings constructed before the effective date of the act existing local laws still apply.
 Section 101.63, Stats., provides in part: *Page 192 
"The department shall:
 "(1) Adopt rules which establish standards for the construction and inspection of one- and 2-family dwellings and components thereof. . . ."
The Random House Dictionary of the English Language defines component as "being or serving as an element [in something larger]." Webster's New Collegiate Dictionary defines component as "a constituent part: ingredient." Section 101.61 (1) defines "dwelling" as:
 ". . . any building the initial construction of which was commenced on or after the effective date of this act, which contains one or 2 dwelling units. . . ."
The subchapter does not contain a definition of building. TheRandom House Dictionary of the English Language defines building as a noun which can mean "the act, business, or practice of constructing houses, office buildings, etc." Webster's also gives a definition of building as a noun, which among other things means "the art or business of assembling materials into a structure."
Section 101.63 (1), Stats., provides that the Department is to adopt rules to establish standards with regard to the construction of certain dwellings and components thereof. It could be argued that sec. 101.61 (1), Stats., provides that theact of constructing "which was commenced on or after the effective date of this act" is within the purview of this subchapter when it is related to a structure containing one- or two-dwelling units.
The word building is generally taken to mean a type of structure and in the context of the sentence used to define "dwelling" it is clearly used as a noun and not as a verb. To hold that building meant the act of constructing would lead to the absurd result of saying: "any [act of constructing] the initial construction of which was commenced on or after the effective date of this act." Had the Legislature intended the dwelling code to apply to all additions including buildings initially constructed prior to the act, it could have said so directly.
Your second question asks "whether the department has the authority to exempt seasonal homes from coverage by this statute." *Page 193 
The applicable language contained in sec. 101.63 (1), Stats., provides:
 ". . . No set of rules shall be adopted which has not taken into account the conservation of energy in construction and maintenance of dwellings and the costs of specific code provisions to home buyers in relationship to the benefits derived from such provisions." (Emphasis added.)
You ask whether this subsection applies to those dwellings using a form of fuel which is not subject to current energy conservation concerns. Section 101.63 (1), Stats., does require the Department to reach conclusions with respect to provisions of the code on "the costs of specific code provisions to home buyers in relationship to the benefits derived from such provisions." Therefore, if the facts warrant, the Department could conclude that certain code provisions should not apply to construction of certain types of dwellings.
BCL:RK